IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RASHIEN PHILLIPS,** | : | **CIVIL NO. 1:CV-13-1864** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et al.,** | : | |
| **Defendants** | | |

# MEMORANDUM

On July 9, 2013, Rashien Phillips ("Phillips"), an inmate at the Dauphin County Prison, Pennsylvania, filed this civil rights complaint pursuant to 28 U.S.C. § 1983. Named as Defendants are the Court of Common Pleas of Dauphin County, Commonwealth of Pennsylvania, "Jason," and "Doug." The latter two Defendants appear to be officers involved in Plaintiff's arrest. Phillips proceeds in forma pauperis in this matter.[1] Pursuant to 28 U.S.C. § 1915, the Court is required to examine the complaint for legal sufficiency and to dismiss a complaint if it is frivolous, malicious or fails to state a claim on which relief may be granted. For the reasons that follow, the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal is without prejudice to any right Phillips may have to file a petition for writ of habeas corpus.

**I.     Allegations of the Complaint**

While somewhat confusing to follow, the complaint submitted by Phillips appears to allege that he is being improperly detained with respect to a criminal conviction occurring in

---

[1]Williams completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on July 24, 2013 (Doc. No. 8), directing the warden at the Dauphin County Prison to commence deducting the full filing fee from Phillips' prison trust fund account.

Dauphin County, Pennsylvania. Phillips claims that no crime was ever committed and seeks help. He claims that Defendant Jason placed handcuffs on him and ultimately took him to the Dauphin County Prison for no reason. As relief he seeks the expungement of his criminal record, his release from the Dauphin County Prison, and any money from this lawsuit. On July 24, 2013, Phillips submitted another document in this case entitled "Motion for Relief of Post Conviction." (Doc. No. 5.) This filing will be construed as a supplement to the complaint. In this document, Phillips seeks his immediate release from prison. (Id. at 3.) He also appears to claim that his sentence was amended and argues he is entitled to credit to his sentence. (Id. at 2.)

## II. Discussion

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) <u>fails to state a claim on which relief may be granted</u>; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.) Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted . . . ." Section 1915(e)(2)(B)(ii) provides this ground for summary dismissal of a complaint (before service) - - failure to state a claim under Rule 12(b)(6) principles. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations

2

in Plaintiff's favor. See Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Marangos v. Swett, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(citing Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50 (2009). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citations omitted); accord Iqbal, 129 S. Ct. at 1953. The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., 120 S. Ct. at 1949 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct at 1949 (citing Twombly, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

First, it is clear that Phillips raises challenges to his underlying conviction. He believes that he committed no crime and is held illegally. He further maintains that he is entitled to credit against his sentence. Phillips must pursue any such claims in a petition for writ of habeas

3

corpus. It is well-settled that a civil rights action may not be employed to challenge the fact or duration of a prisoner's sentence or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). Plaintiff is free to file a habeas corpus petition if he so chooses, however the Court expresses no opinion as to the ultimate success of any petition filed.

Further, Plaintiff's request for damages resulting from his alleged improper conviction is also subject to dismissal. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Accordingly, the instant complaint will be dismissed for failure to state a claim pursuant 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RASHIEN PHILLIPS, | : | CIVIL NO. 1:CV-13-1864 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al., | : | |
| Defendants | | |

## ORDER

**AND NOW**, this 14th day of August, 2013, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 6) is construed to be a motion to proceed without full prepayment of the filing fee, and is **granted**.

2. Plaintiff's "Motion for Relief of Post Conviction" (Doc. No. 5) is construed to be a supplement to the complaint. The Clerk of Court shall make the appropriate correction to the docket.

3. The complaint is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4. The Clerk of Court is directed to **close this case**.

5. Any appeal taken from this order will be deemed frivolous, without probable cause and not taken in good faith.

                                                     S/Yvette Kane_____
                                                     YVETTE KANE, Chief Judge
                                                     Middle District of Pennsylvania